liSCHOTT, Chief Judge.
This is before the court on motions filed by all parties. Plaintiffs filed a class action against four distributors of tobacco products who are the appellees herein and who are Louisiana domiciliaries and a number of manufacturers of tobacco products all of whom are domiciled in places outside of Louisiana.
The trial court sustained exceptions of no cause of action filed by appellees and from that judgment plaintiffs have taken this appeal. The forgoing manufacturer-defendants are not parties to this appeal. They are attempting to have the case which is still pending against them in the trial court removed to the federal court.
The manufacturer-defendants have filed a motion to dismiss plaintiffs’ appeal on the basis that this court lacks jurisdiction over the appeal because of their ongoing attempt to remove the case against them to the federal court. As previously stated they are not parties to this appeal. The only appealable issue in the judgment from plaintiffs’ point of view was the dismissal of their suit against the Louisiana distributors on an exception of no cause of action. This court has jurisdiction over that appeal. Consequently, the motion of the_|2manufacturer-defendants' and the motion of appellees to dismiss the appeal aré denied.
In their motion and brief, plaintiffs express concern over the failure of the trial court to give reasons for judgment dismissing their ease. An exception of no cause of action presents a legal question not a factual one. The court of appeal reviews a judgment on an exception of no cause de novo. There is no necessity for the trial court to furnish reasons for such a judgment.
All sides "have asked for a suspension of the briefing schedule until the confusion brought about by the manufacturer-defendants’ attempt to remove the suit to federal court is removed by the federal court. We grant that motion until the parties notify the court that the appeal should move forward, or until the expiration of sixty days, whichever occurs first.

MOTION TO DISMISS DENIED; MOTION FOR EXTENSION GRANTED.